1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   GORGE RECOVERY SERVICE,
    INC.,                                    NO:  1:16-CV-3164-TOR
8
                          Plaintiff,         ORDER ACCEPTING VOLUNTARY
9                                            REMAND

10          v.

11  AMBER BEIERLE,

                          Defendant.
12

13          BEFORE THE COURT is Defendant's pro se motion to terminate this

14  removed action (ECF No. 7).  This matter was submitted for consideration without

15  oral argument.  The Court has reviewed the record and files herein, and is fully

16  informed.

17          Defendant proceeding *pro se* and *in forma pauperis* removed this action on

18  September 8, 2016, to this Court from the District Court, County of Klickitat, State

19  of Washington.  ECF No. 1.  Defendant purportedly invokes this Court's federal

20  question jurisdiction under 28 U.S.C. § 1331, but it is not at all clear that the

ORDER ACCEPTING VOLUNTARY REMAND ~ 1

1    removal was timely.  It is also not clear to the Court that Defendant properly

2    effectuated the removal by filing notice with the clerk of the State court, requiring

3    it to "proceed no further unless and until the case is remanded."  28 U.S.C.

4    § 1446(d).  "Since a defendant may remove a case only if the claim could have

5    been brought in federal court…the question for removal jurisdiction must also be

6    determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm.*

7    *Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal

8    question is inadequate to confer federal jurisdiction." *Id*.   That appears to be the

9    case here.  Federal question jurisdiction generally exists only when a federal

10    question is presented on the face of the plaintiff's properly pleaded complaint.

11    *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

12    There is a "strong presumption" against removal, and federal jurisdiction must be

13    rejected if there are doubts about the right of removal. *Gaus v. Miles, Inc.,* 980

14    F.2d 564, 566 (9th Cir. 1992).

15       Plaintiff has not appeared herein.  In any event, Defendant has now filed a

16    signed statement that the parties "have come to an agreement and no longer wish to

17    proceed with this matter."  ECF No. 7.

18       Defendant has no unilateral right to completely dismiss an action without the

19    consent of Plaintiff.  Liberally construing Defendant's pleading, the Court discerns

20    that Defendant "no longer wish[es] to proceed with this [removed] matter."

ORDER ACCEPTING VOLUNTARY REMAND ~ 2

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant's pro se motion to terminate this removed action (ECF No. 7) is **GRANTED**. The Court hereby **REMANDS** this case to the Klickitat County District Court, State of Washington, for all further proceedings.

2. The Court assesses no costs, fees or expenses on any party.

3. The District Court Clerk is directed to enter this Order, provide copies to the parties, <u>mail a certified copy of this Order</u> to the Clerk of the Klickitat County District Court, and **CLOSE** this file.

**DATED** October 7, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER ACCEPTING VOLUNTARY REMAND ~ 3